UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK LEVIN and BECKY LEVIN,<br><br>       Plaintiffs,<br><br> -v-<br><br>GALLERY 63 ANTIQUES CORP.,<br>ROCHELLE SEPENUK, individually<br>and d/b/a GALLERY 63 ANTIQUES,<br><br>       Defendants. | Case No. 04-CV-1504 (KMK)<br><br>OPINION & ORDER |

Appearances:
Anthony A. Scibelli, Esq.
Carolyn A. Marcotte, Esq.
Scibelli, Whiteley and Stanganelli, LLP
*Counsel for Plaintiffs*

Scott D. Jacobson, Esq.
Herten, Burstein, Sherida, Cevasco, Bottinelli, Litt & Harz, L.L.C.
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

  In an Opinion & Order dated September 28, 2006 (the "Opinion"), this Court granted in part and denied in part motions for summary judgment from both Plaintiffs and Defendants. *See Levin v. Gallery 63 Antiques Corp.*, No. 04 Civ. 1504, 2006 WL 2802008 (S.D.N.Y. Sept. 28, 2006). Plaintiffs now move to supplement the record and for reconsideration of the Court's Opinion. For the following reasons, Plaintiffs' Motions are DENIED.

I. Background

  The Court assumes that the Parties are familiar with the facts underlying the Court's Opinion, and only those facts necessary for deciding the pending Motions are repeated.

Plaintiffs seek reconsideration of two matters in the Court's Opinion.  First, Plaintiffs argue that the Court should deny summary judgment in favor of Defendants on the breach of warranty claim as to the condition of the sculptures.  Plaintiffs assert that the Court was in error when it held that Plaintiffs' expert, Peter Sorlien ("Sorlien"), was not qualified to assess the condition of the sculptures.  Second, Plaintiffs argue that the Court should deny summary judgment in favor of Defendants on Plaintiffs' fraud claim.  Plaintiffs maintain that the Court erroneously accepted as undisputed Beverlee Friedman's ("Friedman") claim that she told Plaintiffs' assistant that the sculptures were overpriced.  Plaintiffs believe that summary judgment was improperly granted, because there is an underlying factual dispute on this point, as well as credibility issues that can only be resolved at trial.  Additionally, Plaintiffs seek to supplement the record with Sorlien's deposition testimony; Sorlien's complete expert report, dated April 7, 2005; and the affidavit of Margaret B. McClare ("McClare").

## II.  Discussion

### A.  Standard of Review

Motions for reconsideration are governed by Local Civil Rule 6.3 and by Rule 59(e) of the Federal Rules of Civil Procedure.  On a motion for reconsideration, the movant must show that "there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  *Bell v. Stephens*, No. 05 Civ. 7182, 2007 WL 1098713, at *1 (S.D.N.Y. Apr. 11, 2007).  The movant's burden is a heavy one, *see id.*, and a motion for reconsideration is not an opportunity to relitigate matters already decided, *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless

the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*; *accord Velez v. Sony Discos*, No. 05 Civ. 615, 2007 WL 1098698, at *1 (S.D.N.Y. Apr. 10, 2007).  Motions for reconsideration are entrusted to the sound discretion of the district court.  *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999).

B. Analysis

1.  Peter Sorlien's Omitted Deposition Testimony

Plaintiffs argue that this Court's Opinion, which granted summary judgment for Defendants as to the condition of the statues on Plaintiffs' warranty claims, erroneously relied on Sorlien's April 2004 report, instead of his April 2005 report.  This is significant because the April 2005 report opines on the condition of the statues, and unlike the April 2004 report, the April 2005 report does not contain any statements which limit Sorlien's competence to assess the condition of the statues.  According to Plaintiffs, the limiting language found in the April 2004 report under the heading "Assumptions and Limiting Conditions" was boilerplate language that somehow was inadvertently included in the April 2004 report.  At his deposition, Sorlien attempted to explain how this error was made.

When the Court issued its Opinion in this case, the portion of Sorlien's deposition in which he offers an explanation for the inclusion of the limiting language in the April 2004 report was not appended to Plaintiffs' papers in opposition to Defendants' motion for summary judgment.  Plaintiffs concede this point, and now seek to supplement the record with Sorlien's complete deposition testimony.  (Mem. in Supp. of Pls.' Limited Mot. for Recons. & Clarification of the Ct.'s Op. & Order Dated Sept. 28, 2006 4 n.2.)  Plaintiffs now offer the

explanation that a critical portion of Sorlien's deposition was "inadvertently omitted from the accompanying affidavit" in their opposition papers.  (*Id.*)  Aside from this oversight, they also cite to paragraph fifty of their Response to Defendants' Statement of Uncontested Material Facts ("Pls.' 56.1 Resp."), which all Parties were required to submit pursuant to Local Civil Rule 56.1.  In paragraph fifty, Plaintiffs argue that "defendants deliberately ignore Peter Sorlien's April 7, 2005 Appraisal Report (submitted in this litigation), and his deposition testimony in this case, which confirm that he is more than fully qualified to appraise the five sculptures at issue here."  (Pls.' 56.1 Resp. ¶ 50.)  That statement is followed by two citations:  Scibelli Aff. Ex. 17; 2d Supp. Scibelli Aff., Ex. A.  (*Id.*)

  First, the Court will not consider the omitted portions of Sorlien's deposition testimony.  In effect, Plaintiffs seek reconsideration on the basis of materials that were not before the Court when the motion was decided, specifically pages 102-03 of Sorlien's deposition testimony.  It is on those pages that Sorlien attempts to explain why the limiting language appeared in the April 2004 report.  It is clear that "the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision:  in other words, an obvious and glaring mistake."  *M.K.B. v. Eggleston*, No. 05 Civ. 10446, 2006 WL 3230162, at *1 (S.D.N.Y. Nov. 7, 2006); *see also  Xiao v. Continuum Health Partners, Inc.*, No. 01 Civ. 8556, 2002 WL 31760213, at *3 (S.D.N.Y. Dec. 9, 2002) ("Although a party seeking reconsideration may advert to controlling decisions or factual matters that were before the court on the underlying motion, the party may neither put forth new facts, issues or arguments that were not presented to the court on that motion . . . .").  "Motions for reconsideration allow the district

court to correct its own mistakes," not those of the Parties. *Zorn v. United States*, No. 1-04 Civ. 146, 2005 WL 1009543, at *4 (D. Vt. Apr. 27, 2005); *see also Koehler v. Bank of Bermuda Ltd.*, No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (denying motion for reconsideration when party inadvertently omitted materials from original brief). Plaintiffs' miscue is regrettable, but the law of this Circuit is clear: the Court must not consider the portions of Sorlien's deposition which were not before the Court when the motion was decided. Sorlien's deposition transcript, in its entirety, was in Plaintiffs' possession when they opposed Defendants' motion for summary judgment.[1] They should have put it before the Court and raised the argument in their memorandum of law when the motion was briefed.

Next, the Court must consider whether its holding was in error, because Plaintiffs asserted in their Rule 56.1 Response that Sorlien was qualified to address the condition of the statues. The Second Circuit has clearly held that "allegations of uncontested fact cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). In so holding, the Second Circuit relied on Local Civil Rule 56.1(d), which states that "[e]ach statement by the movant or opponent . . . including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e). Local Civil Rule 56.1(d); *accord Holtz*, 258 F.3d at 73. The Circuit went on to explain that "courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that 'where there are no[] citations or where the cited materials do not

---

[1] Sorlien was deposed on June 29, 2005, and briefing on the summary judgment motion was completed on October 6, 2005. (Doc. No. 45.)

support the factual assertions in the Statements, the Court is free to disregard the assertion.'" *Holtz*, 258 F.3d at 73-74 (alterations in original) (quoting *Watt v. N. Y. Botanical Garden*, No. 98 Civ. 1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000)).

It is undisputed that the portion of Sorlien's deposition testimony which seeks to offer an explanation for the limitations found in the April 2004 report was not presented to the Court when Defendants' motion for summary judgment was under consideration. The citations in paragraph fifty of Plaintiffs' 56.1 Response do not direct the Court to any admissible evidence that would rebut or offer an explanation for Sorlien's self-expressed limitations in the April 2004 report.[2] Plaintiffs' failure to direct the Court to admissible evidence supporting their assertions in paragraph fifty means that this point was not a contested fact, and thus summary judgment was appropriate. *See id.* at 74 ("Allowing a Local Rule 56.1 statement to substitute for the admissibility requirement set forth in Fed. R. Civ. P. 56(e) would be tantamount to the tail wagging the dog." (quotations omitted)). Nor did Plaintiffs raise this argument in their Memorandum of Law in opposition to Defendants' motion for summary judgment. In addition, it is not the responsibility of the Court to rummage unaided through the record in search of disputed facts. *See Every v. Makita U.S.A., Inc.*, No. 02 Civ. 8545, 2005 WL 2757952, at *7 (S.D.N.Y. Oct. 24, 2005) ("This Court is not required to search the record for genuine issues of material fact that the party opposing summary judgment fails to bring to the Court's attention."). As explained by the Second Circuit, "[t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local

---

[2]It bears repeating that in the Court's Opinion, it noted that both Parties failed to submit proper responses to their adversaries' Rule 56.1 statements. See *Levin*, 2006 WL 2802008, at *1 n.1.

Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz*, 258 F.3d at 74. The mere fact that the April 2005 report discussed the conditions of the statues, despite the disclaimers found in the April 2004 report, does not mean that the Court's Opinion was in error. The inferential step that Plaintiffs now ask the Court to take – that Sorlien must have been qualified to discuss the condition of the statues, because otherwise he would not have done so in the April 2005 report – is simply too large a leap in logic to rely on.[3]

### 2. Beverlee Friedman's Statement that the Statues Were Overpriced

Plaintiffs next argue that Beverlee Friedman's statement to Margaret B. McClare that it was her impression that the statues were overpriced is a contested fact that is not appropriate for summary judgment. Plaintiffs cite to McClare's deposition testimony and her contemporaneous handwritten notes from her conversation with Friedman. Plaintiffs argue that the deposition transcript and McClare's notes show that Friedman did not express the opinion that the statues were overpriced. The Court considered these arguments when deciding the original motion and rejected them then, as it does now. First, Plaintiffs argument fails because they have not cited to a change in the law or any new evidence, as they must to carry their burden on this motion. In essence, Plaintiffs ask the Court to look at the matter more closely, which it will not do. Motions for reconsideration are not opportunities for second bites at the apple. Second, even if the Court

---

[3]Plaintiffs also argue that the extent of the damage to the sculptures should be submitted to the jury. Plaintiffs argument is without merit and is merely an attempt to relitigate this issue, which is improper on a motion for reconsideration. *See Shrader*, 70 F.3d at 257. Moreover, Plaintiffs' Motion for Reconsideration ignores the portion of the Opinion discounting Sorlien's assessment of the sculptures because the assessment was made four years after the sculptures were purchased. *See Levin*, 2006 WL 2802008, at *6, 10, 18.

were to indulge Plaintiffs, the result would be the same. Plaintiffs position boils down to this: because McClare did not confirm that Friedman said the statues were overpriced, there is a factual dispute as to this point. That is simply wrong. McClare's silence on Friedman's assessment of the value of the statues, rather than on Friedman's views as to their condition, is in no way sufficient to defeat summary judgment. McClare's failure to rebut Friedman's claim regarding the statues' price is not a question of credibility, as Plaintiffs suggest, but merely a case of evidence that is insufficient to create a disputed fact that must go to a jury.[4]

### 3. Request to Supplement the Record

Plaintiffs also move to supplement the record with Sorlien's deposition testimony; Sorlien's complete expert report, dated April 7, 2005; and McClare's affidavit. Although Plaintiffs do not cite to any authority for their request, the Court will consider this as an application under Rule 10(e) of the Federal Rules of Appellate Procedure, which allows for correction or modification of the record in the district court. Rule 10(e) is unavailing for Plaintiffs because "[i]t is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings

---

[4]Plaintiffs also seek to cast aspersions on Friedman's affidavit which they suspect may have been drafted by Defendants' counsel and signed by Friedman without making any changes. Plaintiffs raised this argument on the motion for summary judgment. (Mem. in Supp. of Pls.' Mot. for Partial Summ. J. 6-7; Pls.' Statement Pursuant to Fed. R. Civ. P. 56 & Local Civ. R. 56.1 ¶ 72.) The Court rejects Plaintiffs' unsubstantiated argument, just as it did when Plaintiffs first raised it.

leading to the judgment under review." *Miro v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 01 Civ. 216, 2002 WL 31357702, at *2 (S.D.N.Y. June 10, 2002) (quotations omitted). The motion is thus denied.

### III. Conclusion

For the reasons stated above, Plaintiffs' Motion to Supplement the Record and for Reconsideration are DENIED. The Clerk of the Court is directed to terminate the motions.

SO ORDERED.

Dated: April 2☒, 2007
New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE